Filed 12/21/23  In re D.W. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re D.W., a Person Coming Under the Juvenile Court Law. | B328675 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>Dav. W.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21LJJP00070A) |

APPEAL from an order of the Superior Court of Los Angeles County, Tara Newman, Judge.  Conditionally reversed and remanded with directions.

Paul A. Swiller, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, and Sally Son, Senior Deputy County Counsel, for Plaintiff and Respondent.

In this appeal from a parental rights termination order, Dav. W. (Father) asserts the dependency court and the Los Angeles County Department of Children and Family Services (the Department) did not comply with their obligations under the Indian Child Welfare Act (ICWA) and related California law. The Department confesses error and does not oppose conditional affirmance or reversal of the order to allow it to "conduct a complete inquiry and, if required by . . . ICWA, [to] proceed in accordance with . . . ICWA's notice mandates." On the facts here, which we will review briefly, we hold a remand for further ICWA-related process is required.

## I. BACKGROUND

Father and A.S. (Mother) are the parents of D.W. (Minor). In 2021, the Department filed a dependency petition alleging Minor and his siblings (who are not parties to this appeal) were dependent children as defined in Welfare and Institutions Code section 300.[1]

During the ensuing dependency proceedings, Mother informed the Department and the juvenile court that she had no Indian ancestry as far as she knew. Mother also represented, however, that she had been the subject of dependency proceedings as a child herself and "was in foster care" for a period of time that the appellate record does not reveal.

Father, by contrast, represented (although not in entirely consistent fashion throughout the proceedings) that he did have Indian ancestry. On a Parental Notification of Indian Status

---

[1]     Undesignated statutory references that follow are to the Welfare and Institutions Code.

form filed in June of 2021, Father declared he may have Indian ancestry and identified the source of that ancestry as "Cherokee." Father identified his parents as people who would have information about Indian ancestry, and Father listed contact information for his father and his brother.

The Department made ICWA-related inquiry of Father's parents in February 2023 and submitted the results of that inquiry to the juvenile court in a supplemental report filed shortly before the permanency planning hearing. Father's mother told the Department that her maternal grandmother, her maternal great grandmother, and her paternal great, great grandmother (all of whom she identified by name) all had Indian ancestry (though Father's mother did not believe any of them were enrolled tribal members or lived on a reservation). Father's mother stated all of these relatives were deceased and there were no other living relatives who would have more information about the family's Indian ancestry. Father's father, on the other hand, reported he was not a member of an Indian tribe and did not believe there were any other family members who would know more about Indian ancestry on his side of the family.

At the April 2023 permanency planning hearing from which this appeal is taken, the juvenile court stated it "previously found that [ICWA] does not apply in this case" and "reiterate[d] that finding."

## II. DISCUSSION

Father challenges the juvenile court's ICWA finding as to both his own side of the family and Mother's. As to Mother's side of the family, he believes the Department did not satisfy its ICWA-related obligations because the record does "not reflect

3

that the Department ever asked Mother for the names and contact information of any relatives who could further discuss the family's lineage." As to Father's own side of the family, he believes the Department should have made ICWA-related inquiry of Father's brother (Minor's paternal uncle) and should have contacted "the three federal Cherokee tribes and asked whether [Minor] was an Indian child." The Department concedes a remand is required because it did not make "proper inquiry pursuant to . . . ICWA." We hold conditional reversal of the parental rights termination order is required because the juvenile court's ICWA finding is unsupported by substantial evidence.

Under ICWA and related California law, the Department and the juvenile court have "an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child." (§ 224.2, subd. (a); see also Cal. Rules of Court, rule 5.481(a).) Section 224.2, subdivision (b) states "[i]nquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." Subdivision (e)(1) of the same statute explains "[t]here is reason to believe a child involved in a proceeding is an Indian child whenever the court, social worker, or probation officer has information suggesting that either the parent of the child or the child is a member or may be eligible for membership in an Indian tribe." Under section 224.2, subdivision (e)(2), when reason to believe a child is an Indian child exists, "further inquiry is necessary to help the court, social worker, or probation officer determine whether there is reason to know a child is an Indian child" and

4

such further inquiry includes interviewing the parents and others to gather information and contacting (among others) the tribe or tribes in question. When there is reason to know a child is an Indian child, the Department must provide formal notice to the tribe or tribes in question as provided in section 224.3. (§§ 224.2, subd. (f), 224.3, subd. (a)(5).)

Under these statutory provisions, it was error for the juvenile court to conclude no further ICWA process was required on the state of the record— particularly in light of Father's own statements and the statements his mother made to the Department about Cherokee ancestry. The error requires remand of the cause to permit the additional ICWA-related process that is required. (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re A.C.* (2022) 86 Cal.App.5th 130, 140 (dis. opn. of Baker, J.).) Specifically, on remand, the juvenile court shall oversee ICWA-related inquiry of Minor's paternal uncle and determine, at least in the first instance, whether to order ICWA-related inquiry of extended family members on the maternal side of Minor's family, whether to order ICWA-related inquiry of others having an interest in Minor, and whether to require the Department to make contact with Cherokee tribes (§ 224.2, subd. (e)(2)(C)). The juvenile court shall also consider whether prudence counsels in favor of directing the Department to provide formal notice to Cherokee tribes in light of the representations made by Minor's paternal grandmother regarding Indian ancestry and the unavailability of additional sources of inquiry.

If, after this additional process we have described, the juvenile court finds Minor is an Indian child, the juvenile court shall proceed in accordance with ICWA and related California law. If, on the other hand, the juvenile court again finds ICWA

inapplicable, the court's order terminating parental rights shall be reinstated.

## DISPOSITION

The juvenile court's parental rights termination order is conditionally reversed and the cause is remanded solely for further proceedings required by this opinion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

KIM, J.